UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC PAVIA BRAVO, *individually and on behalf of all others similarly situated*,

                              Plaintiffs,

-v-

57TH RESTAURANT ASSOCIATES LLC, *d/b/a* RUE 57,

                              Defendant.

No. 14-cv-8492 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court has been advised that the parties have reached an agreement to settle this dispute. Because Plaintiffs' Complaint makes claims under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*, judicial approval is required before settlement. *See Medley*, 2010 WL 3000028, at *1 ("'With only two exceptions, employees cannot waive FLSA claims for unpaid wages or overtime, for less than full statutory damages. The two exceptions are for: (1) settlements supervised by the Secretary of Labor, and (2) judicially-approved stipulated settlements.'" (quoting *Manning v. N.Y. Univ.*, No. 98-cv-3300 (NRB), 2001 WL 963982, at *12 (S.D.N.Y. Aug. 22, 2001))). The requirement of court-supervised approval arises in part from the "fear that employers would coerce employees into settlement and waiver." *Manning*, 2001 WL 963982, at *11. "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No. 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010) (internal quotations and citations omitted). Ultimately, the Court must be convinced that the proposed settlement "is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354

(11th Cir. 1982). Although the parties suggest that a fairness hearing is unnecessary and question whether judicial approval of individual wage and hour settlements is even required, the Court is persuaded that such approval is appropriate and warranted under the law. Accordingly, IT IS HEREBY ORDERED THAT the parties, including Plaintiff personally, shall appear for a fairness hearing on Friday, April 3, 2015 at 4:45 p.m. in Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

Additionally, the parties request that the settlement agreement and the parties' joint letter of February 24, 2015 apprising the Court of the settlement and its terms – each submitted to the Court by email – be filed under seal. In fact, the settlement agreement itself obligates the parties to maintain confidentiality with respect to the terms of the settlement. "The common law right of access attaches presumptively to any 'judicial document,' defined as a document 'relevant to the performance of the judicial function and useful in the judicial process.'" *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *3 (S.D.N.Y. Dec. 11, 2014) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). "Although in many – if not most – cases, a settlement agreement would not qualify as a 'judicial document,' settlement agreements in FLSA cases are different because of the requirement for judicial approval." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012). Because such approval is a "judicial act," *Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08-cv-6519 (PKC), 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009), courts in this District have held with near uniformity in recent years that a settlement agreement is subject to a presumption in favor of open records. *See, e.g., Armenta v. Dirty Bird Grp., LLC*, No. 13-cv-4603 (WHP), 2014 WL 3344287, at *2 (S.D.N.Y. June 27, 2014); *Camacho*, 2014 WL 6985633, at *3; *Martinez v. Hilton Hotels Corp.*, No. 10-cv-7688 (JLC), 2013 WL 4427917, at *2 (S.D.N.Y. Aug. 20, 2013); *Wolinsky*, 900 F. Supp. 2d at

337; *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011); *Xue Lian*, 2009 WL 2223063, at *1.

Obviously, the confidentiality requirement in the settlement agreement is not a sufficient justification for sealing the settlement agreement, *see Joo*, 763 F. Supp. 2d at 648; *Wolinsky*, 900 F. Supp. 2d at 338; *Martinez*, 2013 WL 4427917, at *2, and the parties' February 24 joint letter contains no facts or non-conclusory legal arguments supporting confidentiality. The Court thus finds that the parties have not overcome the presumption in favor of open records. Accordingly, IT IS FURTHER ORDERED THAT, by March 13, 2015, the parties shall file either (1) a supplemental joint letter with authority and facts justifying sealing, or (2) an amended settlement agreement with a revised confidentiality provision, which shall be publically docketed along with the parties' February 24, 2015 joint letter.

SO ORDERED.

Dated:     February 27, 2015
           New York, New York

                                                _____
                                                RICHARD J. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE