

Representing Management Exclusively in Workplace Law and Related Litigation

Attorneys at Law

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PITTSBURGH, PA | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PORTLAND, OR | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PROVIDENCE, RI | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | | |

MY DIRECT DIAL IS: (212) 545-4005
MY EMAIL ADDRESS IS: EKELMANF@JACKSONLEWIS.COM

March 13, 2015

**VIA ECF & EMAIL**
**(sullivannysdchambers@nysd.uscourts.gov)**

The Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     ***Bravo v. 57th Restaurant Associates LLC,***
***et al.***
        **Case No. 14-cv-8492(RJS)**

Dear Judge Sullivan:

We represent Defendants 57th Restaurant Associates LLC d/b/a Rue 57, Marvin Azrak, Richard Wolf, Marc Packer, David Jaroslawicz and Emanuel Maris (collectively hereinafter "Defendants") in the above referenced matter. We submit pursuant to the Opinion and Order filed by this Court on March 2, 2015 (Docket No. 7): (1) a copy of the parties February 24, 2015 joint letter, attached hereto as Exhibit "A;" and (2) a copy of the parties' Amended Settlement Agreement in the instant action, attached hereto as Exhibit "B."

We thank you for your time and consideration in this matter.

Respectfully Submitted,
JACKSON LEWIS P.C.

Felice B. Ekelman

cc:     Joanna S. Smith (Counsel for Defendants)
        C.K. Lee (Counsel for Plaintiff)
        Anne Seelig (Counsel for Plaintiff)

# Exhibit A

Representing Management Exclusively in Workplace Law and Related Litigation

**jackson |lewis**

Attorneys at Law

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

MY DIRECT DIAL IS: (212) 545-4005
MY EMAIL ADDRESS IS: EKELMANF@JACKSONLEWIS.COM

February 24, 2015

**VIA EMAIL**
**(sullivannysdchambers@nysd.uscourts.gov)**

The Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Bravo v. 57th Restaurant Associates LLC,*
      *et al.*
      **Case No. 14-cv-8492(RJS)**

Dear Judge Sullivan:

Plaintiff and Defendants respectfully submit this joint letter setting forth their views on why the parties' settlement in this Fair Labor Standards Act (FLSA) case is fair. The parties respectfully request that the Court approve the settlement *in camera* and dismiss the instant matter, with prejudice. The signed Settlement Agreement is attached hereto.[1]

**I.     Introduction**

Plaintiff and Defendants ("Parties") have agreed to settle all of the Plaintiff's wage and hour claims.

---

[1] The parties note that recent authority calls into question whether judicial approval of an individual wage and hour settlement is legally required. *See e.g. Picerni v. Bilingual Seit & Preschool Inc,* 12 Civ. 4938 (BMC), 2013 U.S. Dist. LEXIS 24622 (E.D.N.Y. Feb. 22, 2013) (holding that parties should be allowed to dismiss an F.L.S.A. action without the oversight or approval of the Court); *Lliguichuzhca v. Cinema 60, LLC,* 948 F.Supp. 2d 362, 364-65 (S.D.N.Y. 2013) (noting that "it is not clear that judicial approval of an FLSA settlement is legally required"); *Martinez v. Hilton Hotels Corp.,* 10 Civ. 7688 (JLC), 2013 U.S. Dist. LEXIS 117738, *3 (S.D.N.Y. Aug. 20, 2013) ("the question as to whether judicial approval of an individual wage and hour settlement is legally required remains open.")

**jackson lewis**

Attorneys at Law

The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the settlement as fair and reasonable. Attached as Exhibit 2 is a proposed Order.[2]

## II.   Statement of the Case

Plaintiff Isaac Pavia ("Plaintiff") was a cook employed by the restaurant operated by the corporate Defendant ("Rue 57") filed this action on October 23, 2014, asserting (i) alleged failure to properly pay overtime in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); (ii) alleged failure to pay minimum wage for hours worked in violation of the FLSA and NYLL; (iii) alleged unlawful deductions of Plaintiffs' wages due to invalid meal credits in violation of the NYLL; and (iv) alleged failure to provide proper notice to employees, including hours and overtime rates in violation of the NYLL.  Plaintiff did not serve Defendants with the Complaint and, accordingly, Defendants have not yet filed answers in the instant action. During his employment, Plaintiff and Rue 57 entered into an agreement in which they agreed to arbitrate claims of the type raised in this action.

## III.   The Proposed Settlement is Fair and Reasonable

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *see Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout this litigation, there were significant factual and legal disputes that went to the heart of Plaintiff's claims. Pursuant to the terms of the Parties' Settlement Agreement, Defendants are paying the total sum of Fifteen Thousand dollars ($15,000.00) to Plaintiff, an amount which would provide full recovery.  Plaintiff alleged he did not receive a half an hour meal break each day he worked. He alleges that this led to an underpayment of 3 hours of overtime a week. (Defendants dispute this claim.)  If Plaintiff succeeded on this claim and was paid for the meal break, he would be due $2,862.00. Plaintiff also claims he was improperly charged a meal credit for the meal he ate each day because he was not served the proper beverage required by  NYS DOL Hospitality Industry Wage Order, NYCRR 146-3.7(a)(4). (Defendants dispute this claim) Assuming every meal Plaintiff ate was incomplete, his damages would be $874.50. Finally, Plaintiff was issued a wage payment notice, contrary to the allegations in the Complaint. Considering the numerous risks in this case outlined above, Plaintiff's counsel believes that this settlement is an excellent result for the Plaintiff, and it should be approved as a fair settlement.

Pursuant to the Settlement Agreement, Six Thousand Five Hundred Dollars and No Cents ($6,500.00) of the total amount will be paid to Plaintiff's counsel as attorneys' fees and costs. The amount provided to Plaintiff's counsel is a compromise from Plaintiff's counsel's lodestar in this case, of approximately Seven Thousand Five Hundred Forty Seven Dollars and Fifty Cents ($7,547.50), plus costs of Four Hundred Dollars ($400.00).

---

[2] A copy of the Proposed Order has also been emailed to orders_and_judgments@nysd.uscourts.gov.



**jackson|lewis**
Attorneys at Law

      The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. In addition, the costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provided that counsel would receive their reasonable attorneys' fees and be reimbursed for costs incurred. Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

### IV.    The Parties Request that the Settlement Remain Confidential and If Necessary Be Filed Under Seal

      As noted above, the parties submit the Agreement for supervised review and approval. The parties request that the Court complete its review of the Agreement *in camera* and issue an Order indicating that the settlement is fair and reasonable. As confidentiality is a material component of the Settling Parties' settlement agreement, *see* ¶ 1(d) and 5, Defendants request that the attached settlement agreement not be filed by the Court on ECF and remain *in camera*. In the past, judges of this Court have allowed parties to submit settlement agreements in FLSA actions for judicial approval without filing them on ECF. *See e.g. Lin v. Sunny on 3rd, Inc.*, 12-cv-5927 (RJS), Docket No. 19; *Johnson v. 7C's Maintenance Co., Inc.*, 12-cv-1621 (RJS)(SN), Docket No.42 *Campos v. Gabriela's Restaurant*, No. 11-cv-03150 (PAE), Docket No. 29 (S.D.N.Y. May 31, 2012); *Carton v. Sterling Infosystems, Inc.*, 10-cv-7827 (RJS), Docket No. 31. The stipulation of dismissal with prejudice annexed hereto was signed by counsel for the parties and submitted via the appropriate Southern District email address for the Orders and Judgments Clerk in order to obtain the Court's signature.[3]

* * * * * * * *

      The parties respectfully request that the Court approve the settlement in this matter as set forth above, and issue the Order attached hereto as Exhibit A to the Settlement Agreement.

                Respectfully Submitted,
                JACKSON LEWIS P.C.

                Felice B. Ekelman

---

[3] If deemed necessary, the parties request that the Agreement be filed under seal. As a final alternative, the parties request that the publicly-available Agreement be redacted as to the parts reflecting settlement amounts, and that the unredacted Agreement be filed under seal. These are all mechanisms utilized by other New York courts in FLSA cases under appropriate circumstances. *Falleson v. Paul T. Freund Corp.*, 2010 U.S. Dist. LEXIS 80472 (W.D.N.Y. Aug. 10, 2010) (Court takes steps to preserve confidentiality of parties' FLSA settlement); *Medley v. American Cancer Soc'y*, 2010 U.S. Dist. LEXIS 75098, at *1 n.1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal"); *Eiji Suda v. Sushiden Corp.*, 2011 U.S. Dist. LEXIS 31298 (S.D.N.Y. Mar. 23, 2011) (authorizing redaction of publicly filed FLSA agreement); *Savarese v. Cirrus Design Corp.*, 2010 U.S. Dist. LEXIS 21690 (S.D.N.Y. Mar. 8, 2010) (same).



cc:    Joanna S. Smith (Counsel for Defendants)
       C.K. Lee (Counsel for Plaintiff)
       Anne Seelig (Counsel for Plaintiff)

4842-3199-9009, v. 5

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ISAAC PAVIA BRAVO, on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                    Plaintiff,

   - against

57TH RESTUARANT ASSOCIATES LLC d/b/a
RUE 57, MARVIN AZRAK, RICHARD WOLF,
MARC PACKER, DAVID JAROSLAWICZ and
EMANUEL MARIS,
                  Defendants.

Civil Action No.: 14-CV-8492
(RJS)

---

## CONFIDENTIAL SETTLEMENT
## AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

      WHEREAS, Isaac Pavia Bravo (referred to herein as "Bravo" or "Plaintiff") and Defendants Marvin Azrak, Richard Wolf, Marc Packer, David Jaroslawicz and Emanuel Maris (collectively hereinafter "Individual Defendants") and 57th Restaurant Associates LLC d/b/a Rue 57 ("Rue 57," collectively hereinafter with the Individual Defendants referred to herein as "Defendants") desire to resolve this matter without further litigation or adjudication; and

      WHEREAS, Plaintiff and Defendants (collectively "the Parties") understand and agree that each Defendant denies each and every allegation of wrongdoing asserted against it, including but not limited to all allegations contained in the Complaint and in all other papers filed or served by Plaintiff or on Plaintiff's behalf in the above captioned action (hereinafter the "Action"), and before any other court or administrative agency; and

      WHEREAS the Parties understand and agree that neither the making of this Confidential Settlement Agreement and General Release of All Claims ("Agreement") nor anything contained herein shall in any way be construed or considered to be an admission by Defendants or Plaintiff of guilt or non-compliance with any federal, state, city or local statute,

constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

WHEREAS, the Court has made no findings as to the merits of this action; and

WHEREAS, Plaintiff desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants; and

WHEREAS, Defendants desire, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein; and

WHEREAS, the terms, conditions, and implications of this Agreement, including the Releases incorporated herein, have been explained to Plaintiff and Defendants by their respective attorneys;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1. **Obligations of Plaintiff.** In exchange for the promises made by Defendants in Paragraph "2" below, Plaintiff agrees as follows:

a. **Dismissal of Claims.** Plaintiff shall withdraw in writing and secure the dismissal with prejudice of all complaints, appeals, suits, actions, charges, claims, allegations and/or proceeding she has initiated against Defendants, including but not limited to this Action. Plaintiff authorizes his counsel to execute the Stipulation of Dismissal With Prejudice attached hereto as Exhibit "A". Plaintiff warrants that he has not filed or caused to be filed, and is not presently a party to any complaint, appeal, suit, action, charge, claim, allegation and/or proceeding against Defendants in any forum or form other than this Action. In the event

2

that, for any reason, any complaint, appeal, suit, action, charge, claim, allegation and/or proceeding filed by Plaintiff is not wholly and finally dismissed with prejudice, Plaintiff shall not voluntarily testify, provide documents or otherwise participate, or permit others to participate on his behalf, in any such litigation, investigation or other proceeding arising therefrom or associated therewith, and shall not obtain or accept any recovery or relief therefrom.  Plaintiff agrees to execute any and all further and additional documents which may be necessary for the dismissal with prejudice of the Action, and any other claims, causes of action or proceedings against Defendants;

        b.    **General Release by Plaintiff.**  Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily releases and forever discharges Defendants, their subsidiaries, divisions, affiliated entities, agents, officers, principals, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which he may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the

3

Vocational Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B; the New York Wage Theft Prevention Act; the Family and Medical Leave Act; the New York City Administrative Code; the New York State Human Rights Law, New York Executive Law § 290 et seq.; the New York Civil Rights Law, New York Civil Rights Law § 1 et seq.; Article 6 of the New York Labor Law, New York Labor Law § 190 et seq.; the New York Whistleblower Law, New York Labor Law § 740 et seq.; the New York Legal Activities Law; New York Labor Law § 201-d; the New York occupational safety and health laws; the New York Fair Credit Reporting Act; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, compensation, salary, bonuses, commissions, unreimbursed medical expenses, and/or benefits, or employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, based upon any conduct occurring up to and including the date of the complete execution of this Agreement.

        c.    **No Participation in Class Claims.**  In the event that Plaintiff institutes, is a party to, or is a member of a class that institutes any claim or action against Releasees arising from any conduct which pre-dates this Agreement, including, but not limited to, the Action, Plaintiff agrees that his claims shall be dismissed or class membership terminated

immediately upon presentation of this Agreement, and he shall execute any papers necessary to achieve this end. Further, if any claim is not subject to release, to the extent permitted by law: (i) Plaintiff promises not to consent to become a member of any class or collective in a class, collective or multi-party action or proceedings in which claims are asserted against Releasees that are related in any way to Plaintiff's employment or the termination of Plaintiff's employment with Defendants; (ii) if, without Plaintiff's prior knowledge and consent, Plaintiff is made a member of a class in any such proceeding, Plaintiff agrees to opt out of the class at the first opportunity; and (iii) Plaintiff waives any right or ability to be a class or collective action representative in such a proceeding;

      d.   **Confidentiality.** Plaintiff and Defendants agree to maintain absolute confidentiality concerning the circumstances that led up to this Agreement, including but not limited to the Action, but not including all documents publicly filed in this Action, and shall not divulge the terms and conditions of this Agreement, including but not limited to the substance of this Agreement or the amount paid under this Agreement to any person or entity whatsoever, including without limitation any current or former employees of Defendants or their representatives, or any members of the media (including but not limited to print journalists, newspapers, radio, television, cable, satellite programs, Internet media, web pages, e-mail and/or "chat rooms"), except that Plaintiff may disclose this Agreement to his spouse and/or domestic partner, his tax advisor and/or an attorney with whom he chooses to consult regarding his consideration of this Agreement and who agrees to abide by this "Confidentiality" provision and Defendants may disclose the terms of this Agreement and General Release to their counsel, accountants and relevant employees. Upon receipt of any inquiry regarding this Action, Plaintiff or any representative of Plaintiff, and Defendants, or any representative of Defendants, shall state

only that the matter has been resolved. Plaintiff and Defendants understand and agree that any violation of this paragraph as determined by a Court of competent jurisdiction will cause the non-breaching party to suffer immediate injury, and which may be a sufficient basis for a court to award injunctive relief and monetary damages to the injured party without affecting the remainder of this Agreement. Notwithstanding the aforementioned provision, nothing herein shall preclude Plaintiff from cooperating with an investigation by the Equal Employment Opportunity Commission, New York State Division of Human Rights, or providing information pursuant to subpoena or court order, *provided* Plaintiff notifies Felice B. Ekelman, Jackson Lewis P.C., 666 Third Avenue, 29th Floor, New York, New York 10017 immediately, but not later than within three (3) days from when Plaintiff receives notice, if Plaintiff is contacted by any third parties or compelled by subpoena or court order to appear and testify concerning matters encompassed by this paragraph. Plaintiff agrees that he will not contest Defendants' standing to move to quash any such subpoena.

        e.    **Affirmations.** Plaintiff affirms as follows:

        (i)    Plaintiff was paid by Defendants and/or received from Defendants all compensation, salary, bonuses, commissions, gratuities, unreimbursed medical expenses, and/or benefits to which he was or might have been entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, unreimbursed medical expenses, and/or benefits are due to him except as otherwise provided in this Agreement;

        (ii)    Plaintiff was provided and/or has not been denied any and all leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws;

6

(iii)   Plaintiff is unaware of any workplace injuries or occupational diseases;

(iv)   Plaintiff has not reported any purported improper, unethical or illegal conduct or activities to any supervisor, manager, department head, human resources representative, or any other representative of Defendants and has no knowledge of any such improper, unethical, or illegal conduct or activities;

(v)   Plaintiff has not divulged any confidential information of Defendants to any person outside of Defendants' businesses. Plaintiff will continue to maintain the confidentiality of such information consistent with Defendants' policies and and/or common law and until same becomes publicly available or known to him in a way other than his violation of this Agreement;

(vi)   The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of a federal, state or local government agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies;

(vii)   Plaintiff agrees that should he apply for employment with Defendants, or or any business owned in whole or part by any of the Defendants, such entities will have no obligation to hire or rehire Plaintiff. Plaintiff agrees that if he is denied employment, he will not initiate any type of legal action alleging discrimination or retaliation. The Parties agree this is a negotiated clause of this Agreement and not evidence of retaliation.

2.   **Settlement Payment.** In exchange for the promises made by Plaintiff contained in Paragraph "1" above, and throughout this Agreement, Defendants agree as follows:

a.   **Allocation.**  Defendants agree to pay Plaintiff the total gross sum of Fifteen Thousand Dollars and No Cents ($15,000.00) which shall be apportioned as provided in Section 2(a)(i) below, for and in full consideration and satisfaction of all claims that Plaintiff has or may have against Defendants, whether known or unknown, asserted or unasserted, including, but not limited to, all claims for legal or equitable relief, any alleged lost wages, back pay, lost income, lost commissions, lost bonuses, lost employee benefits, severance benefits, lost future wages, lost future pay, lost future commissions, lost future bonuses, lost future employee benefits, lost future income, all claims for alleged emotional distress, alleged physical or emotional pain and suffering, compensatory damages, liquidated damages, punitive damages, all other statutory claims, contract, tort and common law claims, and claims for interest, attorneys' fees, costs and disbursements based on any conduct occurring up to and including the date of the complete execution of this Agreement ("settlement sum").

(i)   Within ten (10) calendar days after Defendants' receipt of two (2) copies of this Agreement executed by Plaintiff and the Stipulation of Dismiss With Prejudice, in the form attached as Exhibit "A" executed by Plaintiff's Counsel, the following checks will be mailed to Plaintiff's Counsel, C.K. Lee, Lee Litigation Group PLLC, 30 East 39th Street, 2nd Floor, New York, NY 10016. Plaintiff's Counsel will hold the three checks described in this section until the executed Stipulation of Dismissal With Prejudice, in the form attached as Exhibit "A" is So Ordered by the Court:

- **Attorneys' Fees:** Six Thousand Five Hundred  Dollars and Zero Cents ($6,500.00) of the total Settlement Sum shall be designated as attorneys' fees and costs ("Attorneys' Fees"), for which an IRS Form 1099 will be issued to Lee Litigation Group PLLC within ten business days of the Stipulation of Dismissal being so ordered with prejudice. Plaintiff's Counsel shall provide Defendants with its tax identification number.

8

- **Plaintiff's Payment**: Four Thousand Two Hundred and Fifty Dollars and Zero Cents ($4,250.00) less lawful deductions shall be paid by Defendants to Plaintiff in one payment within ten business days of the Stipulation of Dismissal being so ordered with prejudice and will be considered wages subject to W-2 reporting.

- **Plaintiff's Payment**: Four Thousand Two Hundred Fifty Dollars and Zero Cents ($4,250.00) shall be paid by Defendants to Plaintiff within ten business days of the Stipulation of Dismissal being so ordered with prejudice for which an IRS Form 1099 will be issued to Plaintiff. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in Paragraph "2(a)."

b.     Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in Paragraph "2(a)."

c.     **Tax Indemnification.**  Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or his counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement and General Release. Should Plaintiff fail to indemnify and hold Defendants harmless with respect to Plaintiff's share of the taxes, interest, penalties or other liabilities or costs in connection with the settlement sum described in Paragraph "2(a)" above and Defendants are required to institute legal proceedings to enforce any of the provisions of this Paragraph, Plaintiff agrees to pay Defendants reasonable attorneys' fees and costs for obtaining and enforcing such indemnification, along with monetary damages, in an amount to be determined by a Court. In the event of an audit, all parties will cooperate to substantiate the tax allocations and treatments set forth in this Agreement.

3.     **No Consideration Absent Execution of Agreement.**  Plaintiff understands and agrees that he would not be entitled to receive the consideration set forth in this Agreement, except for his execution of this Agreement, without revocation, and the Stipulation

9

and Order of Dismissal with Prejudice attached hereto as Exhibit "A," and his fulfillment of all the promises contained in these documents which pertain to him.

4.   **Discontinuance.** The Action shall be discontinued, in its entirety and with prejudice, upon Plaintiff and Defendants' joint stipulation in the form attached hereto as Exhibit "A." Plaintiff and Defendants agree not to seek any interest, attorneys' fees, or costs from the Court, and agree to be responsible for the payment of their own attorneys' fees and disbursements incurred in connection with this matter.

5.   **No Filing.**   This Agreement shall not be filed with any Court and shall remain forever confidential. The Parties agree that this Agreement may not be introduced in any proceeding, except to establish conclusively the settlement and release of the matters described herein, a breach of this Agreement, the resolution of any tax collection or tax refund proceedings or the withdrawal and dismissal of the Action or other proceedings referred to herein or as otherwise provided for in this Agreement.

6.   **Non-Admission of Wrongdoing.**   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7.   **Miscellaneous.**

a.   **Non Disparagement.** Plaintiff agrees that he shall not, directly or indirectly, in private or in public, deprecate, impugn, disparage Defendants or their Releasees, including, but not limited to, their insurers, current and former owners, officers, directors and employees, or make or solicit any comments, statements, or the like to the media, or on any

social media site, including, without limitation, on Facebook, Twitter, a blog, or any electronic bulletin boards, or to others that may be considered to be derogatory or detrimental to the good name or business reputation of Defendants.

8.      **Complete Understanding; Modification.** This Agreement represents the complete understanding between Plaintiff and Defendants, and fully supersedes any and all prior agreements or understandings between the parties.  Plaintiff acknowledges that he has not relied on any representations, promises or agreements of any kind made to him in connection with his decision to sign this Agreement, except for those set forth in the Agreement.  No other promises or agreements shall be binding or shall modify this Agreement unless in writing and signed by the Parties herein, wherein specific reference is made to this Agreement.

9.      **Governing Law and Interpretation.** This Agreement shall be governed, interpreted and conformed in accordance with the laws of the State of New York, without regard to its conflict of laws provisions.  The parties agree to the jurisdiction of the state courts of the State of New York and the United States District Court for the Southern District of New York.

10.     **Severability.**  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be modified to be enforceable, excluding the Release language in Section 1, such provision shall immediately become null and void leaving the remaining provisions of this Agreement in full force and effect.  If any portion of the General Release and Waiver language is ruled to be unenforceable for any reason by a court of competent jurisdiction in an action commenced by Plaintiff or by any other person on behalf of Plaintiff, then Plaintiff shall return to Defendants any consideration paid hereunder.

11.   **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "2" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY CK LEE PLAINTIFF, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH IF NECESSARY.**

**YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TERMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPANOL.**

ISAAC PAVIA BRAVO

12 - 16 - 14                    By:   _____
Date                                  Isaac Pavia Bravo

On the _16_ day of _Dec_ in the year 2014 before me, the undersigned personally appeared Isaac Pavia Bravo, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual

C.K. LEE
Notary Public, State of New York
No. 02LE6134996
Qualified In New York County
Commission Expires October 11, 2020

12

taking acknowledgment

57TH RESTAURANT ASSOCIATES LLC
d/b/a RUE 57

_12/7/14_       By: _____ Mmb. member
Date             Name:
                Title:

                MARVIN AZRAK

_____       By: _____
Date             Marvi Azrak

                RICHARD WOLF

_____       By: _____
Date             Richard Wolf

                MARC PACKER

_12/7/14_       By: _____
Date             Marc Packer

                DAVID JAROSLAWICZ

_____       By: _____
Date             David Jaroslawicz

                EMANUEL MARIS

_____       By: _____
Date             Emanuel Maris

13

taking acknowledgment

57TH RESTAURANT ASSOCIATES LLC
d/b/a RUE 57

_____          By: _____
Date                                  Name:
                                      Title:

                                 MARVIN AZRAK

_____          By: _____
Date                                  Marvin Azrak

                                 RICHARD WOLF

_____          By: _____
Date                                  Richard Wolf

                                 MARC PACKER

_____          By: _____
Date                                  Marc Packer

                                 DAVID JAROSLAWICZ

_____          By: _____
Date                                  David Jaroslawicz

                                 EMANUEL MARIS

_____          By: _____
Date                                  Emanuel Maris

13

taking acknowledgment

57TH RESTAURANT ASSOCIATES LLC
d/b/a RUE 57

_____     By:     _____
Date                                        Name:
                                                 Title:

                                            MARVIN AZRAK

_____     By:     _____
Date                                        Marvi Azrak

                                            RICHARD WOLF

_____     By:     _____
Date                                        Richard Wolf

                                            MARC PACKER

_____     By:     _____
Date                                        Marc Packer

                                            DAVID JAROSLAWICZ

_____     By:     _____
Date                                        David Jaroslawicz

                                            EMANUEL MARIS

_____     By:     _____
Date                                        Emanuel Maris

13

taking acknowledgment

57TH RESTAURANT ASSOCIATES LLC
d/b/a RUE 57

_____        By: _____
Date                           Name:
                               Title:

                          MARVIN AZRAK

_____        By: _____
Date                           Marvi Azrak

                          RICHARD WOLF

_____        By: _____
Date                           Richard Wolf

                          MARC PACKER

_____        By: _____
Date                           Marc Packer

                          DAVID JAROSLAWICZ

_____        By: _____
Date                           David Jaroslawicz

                          EMANUEL MARIS

1v/11/14                  By: _____
Date                           Emanuel Maris

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC PAVIA BRAVO, on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                          Plaintiff,

    - against

57TH RESTUARANT ASSOCIATES LLC d/b/a
RUE 57, MARVIN AZRAK, RICHARD WOLF,
MARC PACKER, DAVID JAROSLAWICZ and
EMANUEL MARIS,
                    Defendants.

Civil Action No.:  14-CV-8492
(RJS)

## AMENDMENT TO CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

WHEREAS, Isaac Pavia Bravo (referred to herein as "Bravo" or "Plaintiff") and Defendants Marvin Azrak, Richard Wolf, Marc Packer, David Jaroslawicz and Emanuel Maris (collectively hereinafter "Individual Defendants") and 57th Restaurant Associates LLC d/b/a Rue 57 ("Rue 57," collectively hereinafter with the Individual Defendants referred to herein as "Defendants") desire to amend the Confidential Settlement Agreement and General Release of All Claims as follows:

A.    Section 1(d) entitled "**Confidentiality**" shall be amended to read as follows:

1(d)    **Confidentiality.** Plaintiff and Defendants agree to maintain absolute confidentiality concerning the circumstances that led up to this Agreement, including but not limited to the Action, but not including all documents publicly filed in this Action, and shall not divulge the terms and conditions of this Agreement, including but not limited to the substance of this Agreement or the amount paid under this Agreement to any person or entity whatsoever, including without limitation any current or former employees of Defendants or their

representatives, or any members of the media (including but not limited to print journalists, newspapers, radio, television, cable, satellite programs, Internet media, web pages, e-mail and/or "chat rooms"), except that (1) the Parties will publicly docket, pursuant to the March 2, 2015 Order of the Hon. Richard J. Sullivan (Docket No. 7) the Settlement Agreement along with the parties' joint February 25, 2015 letter; (2) Plaintiff may disclose this Agreement to his spouse and/or domestic partner, his tax advisor and/or an attorney with whom he chooses to consult regarding his consideration of this Agreement and who agrees to abide by this "Confidentiality" provision;  and (3) Defendants may disclose the terms of this Agreement and General Release to their counsel, accountants and relevant employees.  Upon receipt of any inquiry regarding this Action, Plaintiff or any representative of Plaintiff, and Defendants, or any representative of Defendants, shall state only that the matter has been resolved.  Plaintiff and Defendants understand and agree that any violation of this paragraph as determined by a Court of competent jurisdiction will cause the non-breaching party to suffer immediate injury, and which may be a sufficient basis for a court to award injunctive relief and monetary damages to the injured party without affecting the remainder of this Agreement. Notwithstanding the aforementioned provision, nothing herein shall preclude Plaintiff from cooperating with an investigation by the Equal Employment Opportunity Commission, New York State Division of Human Rights, or providing information pursuant to subpoena or court order, *provided* Plaintiff notifies Felice B. Ekelman, Jackson Lewis P.C., 666 Third Avenue, 29th Floor, New York, New York 10017 immediately, but not later than within three (3) days from when Plaintiff receives notice, if Plaintiff is contacted by any third parties or compelled by subpoena or court order to appear and testify concerning matters encompassed by this paragraph.  Plaintiff agrees that he will not contest Defendants' standing to move to quash any such subpoena.

**B.**     Section 5 entitled "**No Filing**" shall be amended to read as follows:

5.     **No Filing.**     Pursuant to the March 2, 2015 Order of Hon. Richard J. Sullivan in the above-captioned matter (Docket No. 7), this agreement shall be publicly docketed along with the Parties February 25, 2015 joint letter. Aside from this filing, the Parties agree that this Agreement may not be introduced in any proceeding, except to establish conclusively the settlement and release of the matters described herein, a breach of this Agreement, the resolution of any tax collection or tax refund proceedings or the withdrawal and dismissal of the Action or other proceedings referred to herein or as otherwise provided for in this Agreement.

**C.**     **Counterparts.**     This Amendment may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

ISAAC PAVIA BRAVO

3 - 12 - 14

Date

By: _____

Isaac Pavia Bravo

On the 12th day of March in the year 2014 before me, the undersigned personally appeared Isaac Pavia Bravo, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____

Signature and Office of individual
taking acknowledgment

**ANNE SEELIG-SUHRCKE**
Notary Public, State of New York
No. 02SE6113610
Qualified in New York County
Commission Expires 08-02-2016

3

57TH RESTAURANT ASSOCIATES LLC
d/b/a RUE 57

_____     By: _____
Date                             Name:
                                 Title:

                                 MARVIN AZRAK

_____     By: _____
Date                             Marvin Azrak

                                 RICHARD WOLF

_____     By: _____
Date                             Richard Wolf

                                 MARC PACKER
_____     By: _____
Date                             Marc Packer

                                 DAVID JAROSLAWICZ

_____     By: _____
Date                             David Jaroslawicz

                                 EMANUEL MARIS

_____     By: _____
Date                             Emanuel Maris

4

57TH RESTAURANT ASSOCIATES LLC
d/b/a RUE 57

By: _____

_____
Date

Name:
Title:

MARVIN AZRAK

By: _____

_____
Date

Marvin Azrak

RICHARD WOLF

By: _____

_____
Date

Richard Wolf

MARC PACKER

By: _____

_____
Date

Marc Packer

DAVID JAROSLAWICZ

By: _____

_____
Date

David Jaroslawicz

EMANUEL MARIS

By: _____

_____
Date

Emanuel Maris

4

57TH RESTAURANT ASSOCIATES LLC
d/b/a RUE 57

_____     By:   _____
Date                                    Name:
                                        Title:

                                        MARVIN AZRAK

_____3-11-2015_____     By:   _____
Date                                    Marvin Azrak


                                        RICHARD WOLF

_____     By:   _____
Date                                    Richard Wolf


                                        MARC PACKER

_____     By:   _____
Date                                    Marc Packer


                                        DAVID JAROSLAWICZ

_____     By:   _____
Date                                    David Jaroslawicz


                                        EMANUEL MARIS

_____     By:   _____
Date                                    Emanuel Maris

4

57TH RESTAURANT ASSOCIATES LLC
d/b/a RUE 57

_____        By: _____
Date                            Name:
                                Title:

                           MARVIN AZRAK

_____        By: _____
Date                            Marvin Azrak

                           RICHARD WOLF
                       By: _____
_____            Richard Wolf
Date

                           MARC PACKER

_____        By: _____
Date                            Marc Packer

                           DAVID JAROSLAWICZ

_____        By: _____
Date                            David Jaroslawicz

                           EMANUEL MARIS

_____        By: _____
Date                            Emanuel Maris

4

57TH RESTAURANT ASSOCIATES LLC
d/b/a RUE 57

By: _____

_____
Date

Name: _____
Title: _____

MARVIN AZRAK

By: _____

_____
Date

Marvin Azrak

RICHARD WOLF

By: _____

_____
Date

Richard Wolf

MARC PACKER

By: _____

_____
Date

Marc Packer

DAVID JAROSLAWICZ

By: _____

_____
Date

David Jaroslawicz

EMANUEL MARIS

By: _____

3/11/15
_____
Date

Emanuel Maris

4

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ISAAC PAVIA BRAVO, on behalf of himself,
FLSA Collective Plaintiffs and the Class,

Civil Action No.:  14-CV-8492
(RJS)

                          Plaintiff,

    - against

57TH RESTUARANT ASSOCIATES LLC d/b/a
RUE 57, MARVIN AZRAK, RICHARD WOLF,
MARC PACKER, DAVID JAROSLAWICZ and
EMANUEL MARIS,
                    Defendants.

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Isaac Pavia Bravo ("Plaintiff") and Defendants 57th Restaurant Associates LLC d/b/a Rue 57, Marvin Azrak, Richard Wolf, Marc Packer, David Jaroslawicz and Emanuel Maris (collectively hereinafter "Defendants"), through their undersigned counsel, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs or attorneys' fees (other than those costs specified in the Settlement Agreement and General Release) as to all claims, with each party to bear its own fees and costs, and further that Plaintiff is barred from bringing another claim under the Fair Labor Standards Act, New York Labor Law, or any other state or local law for the period set forth in the Complaint.

Respectfully submitted,

LEE LITIGATION GROUP, PLLC                    JACKSON LEWIS P.C.
30 East 39th Street, Second Floor              666 Third Avenue
New York, New York 10016                       New York, New York 10017
(212) 430-6400                                 (212) 545-4000

By: _____                    By: _____
        C.K.Lee                                        Felice B. Ekelman
        Anne Seelig                                     Joanna S. Smith

ATTORNEYS FOR PLAINTIFF                        ATTORNEYS FOR DEFENDANTS


SO ORDERED this _____ day of _____, 2015

_____
Hon. Richard J. Sullivan
United States District Judge


4848-4207-6193, v. 1